## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **DIAN GARNER** ) | JURY TRIAL DEMANDED |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:14-cv-00200 |
| v. ) | |
| ) | |
| **DENNIS J. BARTON III** ) | |
| ) | |
| Serve at: ) | |
| 17600 Chesterfield Airport Rd. Suite B7 ) | |
| Chesterfield, MO 63005 ) | |
| ) | |
| and ) | |
| ) | |
| **CONSUMER ADJUSTMENT** ) | |
| **COMPANY, INC.** ) | |
| ) | |
| Serve at: ) | |
| Jonathan F. Dalton, Registered Agent ) | |
| 12935 North Forty Drive, Suite 210 ) | |
| St. Louis, MO 63141 ) | |
| ) | |
| and ) | |
| ) | |
| **ROGER WEISS** ) | |
| ) | |
| Serve at: ) | |
| 4121 Union Road ) | |
| St. Louis, Missouri 63129 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, Plaintiff, Dian Garner, and for her Complaint states as follows:

## INTRODUCTION

1. This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et

1

seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for compensatory and punitive damages brought by an individual consumer for Defendants' abuse of process.

3. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

4. This Court has original jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because the illicit collection activity was directed at Plaintiffs in St. Louis County, Missouri, within the Eastern District of Missouri.  Further, this Court has original jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331 because they arise under federal law.

5. Plaintiff's abuse of process claim is subject to this Court's supplemental jurisdiction because this state law claim is part of the same case or controversy as his FDCPA claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because all Defendants reside in the Eastern District of Missouri.  Venue is appropriate in this Court under Local Rule 3 - 2.07(b)(2) because all Defendants reside in the Eastern Division of the Eastern District of Missouri.

7. Additionally, venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because Defendants' illicit conduct occurred in or originated from the Eastern District of Missouri.

## **PARTIES**

8. Plaintiffs are natural persons currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

9. The alleged debts Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debts arise out of medical services that Plaintiff received from St. Anthony's Medical Center.

10. The total amount of the alleged debt at the time Plaintiff was dealing directly with Defendant CACi was $819.46.

11. Defendant Dennis J. Barton is an attorney licensed in Missouri. The principal business purpose of Defendant Barton is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another. Specifically, Barton works for an array of collection agencies and title loan companies and takes hundreds of default and consent judgments each year against consumers who owe personal debts to such entities. Barton also employs a staff of non-attorney debt collectors who send letters and make calls to consumers in Barton's name to collect debts.

12. Defendant Roger Weiss is the principal officer of Defendant Consumer Adjustment Company, Inc., a collection agency known as "CACi," and is himself a debt collector. Weiss directed CACi's operations and set its policies as to the FDCPA violations alleged below.

13. Defendant Consumer Adjustment Company, Inc. ("CACi") is a Missouri corporation with its principal place of business in St. Louis, Missouri. The principal

business purpose of CACi is the collection of debts in Missouri and nationwide, and CACi regularly attempts to collect debts alleged to be due another.

14. Weiss and Barton together concocted the scheme whereby Weiss or his company, CACi, would acquire St. Anthony's Medical Center debts and Barton, on behalf of Weiss, would file suits against consumers owing those debts in the name of St. Anthony's Medical Center without disclosing the involvement of Weiss or CACi as being the real party/parties in interest.

15. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants are "debt collectors" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

### *Background of Barton and Weiss in "St. Anthony's" Litigation*

16. Barton and Weiss have a history of being sued for misconduct and deceit in the collection of debts allegedly due St. Anthony's Medical Center, and their actions described below were all performed with malice and knowledge of the illegality thereof. *See* Maher v. Barton et al., Case No. 4:13-cv-02260DDN (United States District Court, Eastern District of Missouri); Huskey v. Barton et al., Case No. 13SL-AC09144 (St. Louis County Circuit Court).

### *St. Anthony's Medical Center Assigns the Debt*

17. Sometime prior to January 25, 2013, Weiss arranged for the assignment of Plaintiff's debt from St. Anthony's Medical Center to himself or his debt collection business, CACi.

18. For valuable consideration received from Weiss and/or CACi, St. Anthony's Medical Center assigned the debt to Weiss and/or CACi prior to January 25, 2013.

19. By virtue of its assignment to Weiss and/or CACi, St. Anthony's was no longer the real party in interest for purposes of prosecuting Plaintiffs for collection of the alleged debt. Instead, as of January 25, 2013, Weiss and/or CACi were the real parties in interest.

20. The assignment document executed by St. Anthony's Medical Center specified that CACi and/or Weiss were to file suit in their own name as assignee of the debt.

21. The assignment document executed by St. Anthony's Medical Center recited that the assignment was being completed pursuant to Missouri Revised Statute § 425.300, which specifies that "[c]ollection agencies may take assignment of claims in their own name as real parties in interest for the purpose of billing and collection and ***bringing suit in their own and the claimant's names*** thereon…" Mo. Rev. Stat. § 425.300 (emphasis added.)

22. Section 425.300 does not allow any debt collector who is an assignee to sue in solely the name of the assignor, as if there were no assignment. Id.

23. On January 25, 2013, Barton filed a lawsuit on behalf of Weiss and CACi against Plaintiff in the Circuit Court for St. Louis County, Associate Division, styled "St. Anthony's Medical Center v. Dian Garner," case number 13SL-AC3480 (the "St. Louis County lawsuit").

24. On March 6, 2013, Barton took a default judgment against Plaintiff. In doing so, he swore to the court that Plaintiff had been served with the lawsuit.

25. On the date and time the alleged service took place, Plaintiff was still at her place of employment.

26. That despite having obtained a fraudulent judgment against Plaintiff, Defendants garnished Plaintiff's wages.

27. Plaintiff was never served with the lawsuit and had no idea a judgment was being entered against her on March 6, 2013.

28. After Defendants obtained a judgment against Plaintiff, they initiated garnishment proceedings against her.

29. To date, Defendants have garnished $982.30 from Plaintiff.

30. Barton did not identify any party other than St. Anthony's Medical Center as the Plaintiff.

31. Barton signed the St. Louis County lawsuit as "Attorney for Plaintiff."

32. This statement was false.

33. In reality, Barton was not the attorney for St. Anthony's Medical Center.

34. St. Anthony's Medical Center did not hire Barton and did not authorize Barton to file the Lawsuit.

35. Upon information and belief, Barton and Weiss concocted the idea of naming St. Anthony's as the only Plaintiff, and failing to disclose the involvement of Weiss or his debt collection company, because they thought consumers like Plaintiff would be less likely to challenge a suit brought by the original creditor as opposed to a suit brought by a mere debt collector.

36. Upon information and belief, Barton and Weiss concocted the idea of naming St. Anthony's as the only Plaintiff, and failing to disclose the involvement of Weiss or his debt collection company, because they thought consumers like Plaintiff would be more likely to challenge the debt and exercise their rights pursuant to 15 U.S.C. § 1692 et seq. if Barton and Weiss disclosed the involvement of debt collectors who are the true plaintiffs and parties in interest.

37. Barton and Weiss filed the St. Louis County lawsuit for the improper collateral purpose of harassing and intimidating Plaintiff, a wage-earning laborer, into paying a debt and related interest charges and costs.

### *Plaintiff Learns of Defendants' Deception in December of 2013*

38. In December of 2013, Plaintiffs learned for the first time that Barton, contrary to his many representations to the contrary, never actually represented St. Anthony's Medical Center with respect to the debts that Defendants attempted to collect.

39. Due to Defendants' deliberate deception and misstatements regarding St. Anthony's, Plaintiffs could not reasonably have learned that Barton did not actually represent St. Anthony's without the help of counsel at any time prior to November of 2013.

40. Plaintiffs never entered into any agreement whereby he consented to arbitrate disputes between himself and Defendants.

41. That even though this matter was dismissed by the Court, there still exists a public record that can be accessed and used negatively towards Plaintiffs' creditworthiness.

42. Defendants' collection attempts and bad acts described above have caused Plaintiff to incur actual damages including but not limited to monetary loss associated with the improper garnishment, anxiety, stress, and worry.

## COUNT I: VIOLATION OF THE FDCPA: ALL DEFENDANTS

43. Plaintiffs re-allege and incorporates by reference all of the above paragraphs.

44. In their attempts to collect the alleged debt from Plaintiffs, Defendants have committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

a. Filing suits against Plaintiff on behalf of St. Anthony's Medical Center when Defendants knew that the real party interest was CACi and/or Weiss, 15 U.S.C. § 1692e;

b. Engaging in false, deceptive, harassing, and unfair conduct in the collection of a debt including but not limited to representing that Barton represented St. Anthony's Medical Center and that St. Anthony's Medical Center was the real party in interest in the Lawsuit.  15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

    A.        Judgment that Defendants' conduct violated the FDCPA;

    B.        Actual damages;

    C.        Release of the alleged debt;

    D.        Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

    E.        For such other relief as the Court may deem just and proper.

## COUNT II: ABUSE OF PROCESS: ALL DEFENDANTS

45.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

46.    Defendants made an illegal, improper, and perverted use of process when they concocted and filed the Lawsuit in St. Louis County.

47.    Defendants used the Lawsuit to attempt to force Plaintiff into paying a debt that (1) he did not owe and that (2) St. Anthony's had no interest in collecting.  Both of these purposes are improper, illegal and perverted.

48.    Defendants' actions were wanton, malicious, and taken in deliberate disregard of Plaintiff's rights.

49.    Defendants' abuse of process has caused Plaintiff damage, including but not limited to the amount of the garnished funds, Plaintiff's expenditures of attorneys' fees to investigate and address the improperly filed Lawsuit in addition to Plaintiff's embarrassment, stress, anxiety and humiliation in connection with the Lawsuit.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

    A. Actual damages in an amount to be determined by the finder of fact;

    B. Punitive damages in the largest amount available by law; and

    C. For such other relief as the Court may deem just and proper.

### COUNT III – CONVERSION (ALL DEFENDANTS)

50. Plaintiff incorporates all prior paragraphs as if fully stated herein.

51. Defendants converted an identifiable fund, a portion of Plaintiff's funds in the approximate amount of $982.30, in Defendants' possession for a specific purpose, namely satisfying judgments they knew or should have known was invalid in whole or in part.

52. Defendants had no right to sue Plaintiff for payment because Barton misrepresented his status as the attorney for St. Anthony's Medical Center.

53. Defendants' conversion has caused Plaintiff to suffer damage, including harming her financial position, causing her to lose money, damaging her credit, and suffering stress and anxiety.

54. Defendants' actions were wanton, willful, and in deliberate disregard of Plaintiff's rights.

WHEREFORE, Plaintiff Respectfully requests that judgment be entered against Defendants for:

    a. Actual damages in an amount to be determined at trial;

    b. Punitive damages in the largest amount allowed by law; and

    c. For such other and further relief as the Court deems proper.

                        **RESPECTFULLY SUBMITTED:**

                            ___**/s/ James W. Eason**_____.

**JAMES W.EASON#57112MO**
**The Eason Law Firm, LLC**
**124 Gay Ave.,Suite 200**
**Clayton, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:    (314) 667-3161**
**Email: james.w.eason@gmail.com**