UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DIAN GARNER | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 4:14-CV-00200-CEJ |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS J. BARTON III | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR ATTORNEY'S FEES

COMES NOW Defendant Dennis J. Barton III, and in support of his Motion for Attorney's Fees, states as follows:

1. On December 30, 2015, Plaintiff's counsel, James Eason ("Eason"), deposed Defendant Dennis J. Barton III ("Defendant"). The deposition was conducted at Eason's law office located at 124 Gay Road, St. Louis, Missouri and commenced at 12:00 p.m. ("deposition")

2. On January 6, 2016, Defendant filed a Defendant's Emergency Motion for Sanctions, or in the alternative, Motion for Protective Order related to the event that occurred at the end of the deposition. Doc. #65

3. During the emergency hearing on January 7, 2016, Defendant explained that Eason vulgarly accosted and physically assaulted Defendant as Defendant as attempting to leave Eason's conference room following the deposition.

4. Such behavior is grossly outrageous and something this Court stated it has not seen in 30 years on the bench.

5. The Court instructed Defendant to file "a verified statement of attorney's fees and expenses incurred in connection with the pending emergency motion for sanctions [Doc. #65],

including any appropriate documentation [.]" Order, Doc. #69; Court Minutes #68 ("The Court will allow the defendant to file a motion for attorney's fees and affidavits in support of his emergency motion for sanctions or protective order within 10 days.").

6. Defendant attached a sworn statement regarding the events of December 30, 2015 as well as Defendant's attorney's fees relating to Eason's assault. (See Barton Affidavit, attached hereto and incorporated herein as Exhibit A).

7. Two other people attended the deposition and witnessed the Eason's actions, the court reporter, William L. DeVries, and attorney Terrance Good, Esq., who entered his appearance for the purpose of accompanying Defendant during his deposition.

8. Both Mr. DeVries and Mr. Good provided affidavits that contain their sworn account of what they heard and saw on December 30, 2015. (See DeVries Affidavit and Good Affidavit, attached hereto and incorporated herein as Exhibits B and C, respectively).

9. Both affidavits state that Eason yelled obscenities at Defendant and shove him into a table. (See Ex. B; see Ex. C). This is especially compelling because Mr. DeVries is the only third party witness. He had neither met Defendant prior to the deposition nor has he had any social or business relationship with Defendant. (Ex. A ¶ 5). In addition, Mr. DeVries was hired by Eason, so any testimony Mr. DeVries provides against Eason is counter to his economic interests and chances of being rehired by Eason.

10. Eason's aggressive and threatening behavior was unprovoked.

11. This is not the first time Eason has threatened Defendant with physical harm. Late last year after a Rule 16 scheduling conference with Judge Fleissig on November 4, 2015, Eason followed Defendant into a courthouse bathroom and explained to Defendant, "Every time I think of you I want to cut off your head and bathe in your blood." (Ex. A ¶ 20).

12. Eason's recent behavior follows not less than two years of Eason's relentless profane name calling and aggressive behavior. Eason's behavior demonstrates an ascending level of aggression culminating in this recent physical violence, which the Court should not tolerate from a member of this Court's bar.

13. *All* of Defendant's allegations in his Motion for Sanctions are *undisputed*. During the January 7, 2016 hearing, Eason invoked his Fifth Amendment rights because a criminal investigation was underway. The refusal to speak, however, is not a denial. As the affidavits of Good and DeVries demonstrate, Eason could not truthful deny Defendant's allegations.

14. This Court has an obligation to impose meaningful sanctions on Eason. Absent doing so, this Court is telling Eason and all other attorneys that there is no significant consequence for aggression and intimidation, including the physical assault of a *named party*.

15. During the January 7, 2016 hearing, this Court stated that it was "shameful" that the parties could not better communicate. This motion, though, does not relate to an incident during which two attorneys allowed ill feelings toward one another to interrupt their ability to conduct the Court's business. This motion is about Eason, as the Plaintiff's attorney, attacking the named defendant in this case after years of vulgar and threatening behavior towards Defendant.

16. No evidence supports a conclusion that Defendant has done anything other than act professionally toward Eason. No evidence, either now or in the past, has *ever* been brought to this Court – or any other - that Defendant has acted in any other way in any other case.

17. After years of Defendant being relentlessly antagonized by Eason, Defendant takes great pride in having never returned Eason's unprofessional conduct, and no evidence exists to the contrary. Ex. A ¶ 23.

18. This Court has adopted Missouri Rules of Professional Conduct ("Code"). Eastern District of Missouri Rules of Disciplinary Enforcement, Rule IV -- Standards for Professional Conduct ("The Code of Professional Responsibility adopted by this court is the Code of Professional Responsibility adopted by the Supreme Court of Missouri as amended from time to time by that court, except as otherwise provided by specific Rule of this court.").

19. The Code states, "[a] lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials." Rule 4, PREAMBLE: A LAWYER'S RESPONSIBILITIES, ¶ 5.

20. In addition to being the named defendant in this case, Defendant was also lead counsel.

21. Mr. Eason's egregious conduct is a clear violation of the Code and its obligation to demonstrate respect toward other lawyers, which Defendant was in this case.

22. As an attorney in this case, Defendant is an officer of the Court. *Bartos v. U.S. Dist. Court for Dist. of Nebraska*, 19 F.2d 722, 730 (8th Cir. 1927) ("As an officer of the court an attorney is under obligation not to intentionally be a law-breaker[.]"). Therefore, in assaulting Defendant, Eason simultaneously assaulted this Court.

23. During the January 7, 2016 hearing, the Court voiced its inclination not to hold Plaintiff accountable for Eason's actions because Defendant did not allege Plaintiff directed those actions.

24. Even absent those allegations, this Court has discretion to sanction Plaintiff, including the dismissal of her case (with or without prejudice) because Eason, as Plaintiff's attorney, is her agent. *World Resources, Ltd. v. Utterback,* 943 S.W.2d 269, 271 (Mo.App. E.D.1997) ("The relationship of lawyer and client is an agency relationship governed by the rules

applicable to agency relationships in general.") (citing *Sappington v. Miller,* 821 S.W.2d 901, 904 (Mo.App. W.D.1992)).

25. As a client's agent, the wrongful acts of an attorney can be imputed to the client where an agency relationship exists. See *Bach v. Winfield–Foley Fire Protection Dist.,* 257 S.W.3d 605, 608 (Mo. banc 2008). In this instance, Plaintiff should be liable for the actions of her attorney, Eason, because it those actions occurred during the litigation of this case immediately after a deposition while Defendant was still in the same conference room in which he was deposed.

26. If the Court dismisses this case as requested by Defendant, Plaintiff will not be without recourse; she can assert a malpractice claim against Eason, which he would surely pay given his obvious wrongdoing.

27. In response to Eason's actions, Defendant worked 12.4 hours at an hourly rate of $245.00 for a total of $3,038.00. See Ex. A.[1]

28. Defendant also incurred additional attorney's fees in the amount of $1,074.50 from retained counsel. See Ex. A and Ex. C.

29. In addition to any other relief this Court awards, Defendant seeks attorney's fees in the amount of $4,112.50.

30. Eason's outrageous behavior merits the relief sought by Defendant.

WHEREFORE, Defendant Dennis J. Barton III respectfully requests that this Court enter a Judgment and/or Order that (1) dismisses Plaintiff's action, (2) requires Plaintiff and/or Eason to pay Defendant $4,112.50 in attorney's fees, and (3) for all other relief this Court deems just and proper.

---

[1] Defendant billed for significantly less time than he worked. This motion and Defendant's Motion for Sanctions are not similar to any other motions Defendant or his counsel have prepared or filed in this past because an attorney assaulting a party or another attorney is unheard of.

Respectfully submitted,

**DENNIS J. BARTON III**

By: /s/ Dennis J. Barton III
Dennis J. Barton III, #55176MO
THE BARTON LAW GROUP, LLC
17600 Chesterfield Airport Rd., Ste. 201
Chesterfield, MO 63005
Phone: (636) 778-9520
Fax:    (636) 778-9523
dbarton@bartonlawllc.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2016, I served the parties listed below the foregoing via CM/ECF:

James W. Eason
EASON LAW FIRM
124 Gay Ave.
Suite 200
Clayton, MO 63105
314-932-1066
Fax: 314-667-3161
Email: james.w.eason@gmail.com
Attorney for Plaintiff

Terrance J. Good
Scott A. Pummell
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939/Telephone
(314) 621-6844/Fax
tjgood@lashlybaer.com
spummell@lashlybaer.com
Attorneys for Defendant

/s/ Dennis J. Barton III
Dennis J. Barton III