| | |
|---|---|
| **DIAN GARNER** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-CV-00200-CEJ |
| | ) |
| **DENNIS J. BARTON, III** | ) |
| | ) |
| Defendant. | ) |

## JAMES EASON'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY FEES

In accordance with the Court's January 7, 2016 order (Doc. 69), I, James Eason, submit my response to Defendant Dennis Barton's motion for attorney fees. For three reason, I oppose Mr. Barton's motion for attorney fees.

First, the purpose of a sanctions motion is to punish, and by withdrawing from this representation, I have already suffered a severe punishment. I lost an outstanding client, I lost the opportunity to represent her in a just cause, and I lost the opportunity to recover substantial additional attorney fees had we prevailed in this lawsuit. Furthermore, the conduct at issue is the subject of a criminal complaint. Mr. Barton frivolously filed for an Order of Protection, an extreme remedy that is only used in domestic abuse and stalking cases, and had me served upon entrance to this court on January 7, 2016. **Exhibit 1.** The presiding judge dismissed Mr. Barton's application because it wasn't based in law or fact. **Exhibit 2.** Nevertheless, all of the case.net viewing universe can see that I've been accused of "domestic abuse" or "stalking." Mr. Barton knew that he didn't meet the criteria for the Order of Protection, yet he did it anyway. Why? Because the rules of law, whether in domestic abuse court or in the

realm of the FDCPA, don't apply to him. In his mind, he is above reproach. That assertion, however, is just plain wrong.

Second, as a *pro se* defendant, Mr. Barton cannot recover attorney fees that he charges to himself. And most of Mr. Barton's fee petition, $3,038, is for work he did on his own behalf. A good case for this principal is *Massengale v. Ray*, 267 F.3d 1298 (11th Cir. 2001). In that case, the plaintiff sued a lawyer for unlawful acquisition of property. The defendant lawyer proceeded pro se. The district court granted the defendant lawyer's motion for sanctions under Rule 11, and awarded him attorney fees as a sanction.

But the Eleventh Circuit, holding that the district court had abused its discretion, reversed. It held, "Because a party proceeding *pro se* cannot have incurred attorney's fees as an expense, a district court cannot order a violating party to pay a *pro se* litigant a reasonable attorney's fee as a part of a sanction." *Id.* at 1302. The court further explained, "[T]he word 'attorney' generally assumes some kind of agency (that is, attorney/client) relationship. The fees a lawyer might charge himself are not, strictly speaking, 'attorney's fees.'" *Id.* The court concluded, "[W]here a lawyer represents himself, legal fees are not truly a 'cost' of litigation—no independent lawyer has been hired (or must be paid) to pursue the complaint." *Id.* (quoting *Ray v. U.S. Dep't of Justice*, 87 F.3d 1251 n.2 (11th Cir. 1996).

A similar principle applies in FDCPA cases, where plaintiff lawyers representing themselves are denied recovery of attorney fees. *See, e.g.*, *Strange v. Wexler*, 796 F. Supp. 2d 1117, 1120 (N.D. Ill. 1992).

While Mr. Barton's motion for attorney fees does not appear to be a motion for

sanctions under Rule 11, the principals set forth in *Massengale* and *Strange* apply here. Even if the Court would be inclined to award Mr. Barton his attorney fees, as a *pro se* defendant, he is not entitled to recover attorney fees that he is charging to himself.

Finally, if the Court is inclined to award Mr. Barton attorney fees, I respectfully suggest that the amount requested is unreasonable. Mr. Barton claims that he worked 12.4 hours—more than a day and a half, on a relatively simple motion.

Mr. Good's alleged legal work does not appear to be legal work at all, but rather, time spent as a witness to the incident. His affidavit is not substantively different from that of the court reporter. And in any event, a lawyer would typically spend time with his client following a deposition to review events. Mr. Good's time spent producing an affidavit is self-serving and unreasonable.

And Barton should not recover $724.50 for a consultation with one John H. Bedard, who is not even licensed to practice law in Missouri or in this district. Mr. Bedard's practice is in Duluth, Georgia and his consultation would have no bearing on the issues pending here. Even if this consultation were recoverable, it appears that the consultation was some part of the 2.2 hours that Mr. Barton is claiming for research and conversations January 4 and January 5. If we assume, generously, that Mr. Barton and Mr. Bedard spoke for an exhausting 1.5 hours regarding the incident, then Mr. Bedard is claiming an hourly rate of $483 per hour, (and Mr. Barton is claiming recovery for the same telephone conversation.) This is unreasonable.

Therefore, I respectfully request that the Court deny Mr. Barton's motion for attorney fees, because I have already been terminated from the representation, because Mr. Barton cannot recover attorney fees for pro se legal work, and because the

fees claimed, in any event, are unreasonable.

RESPECTFULLY SUBMITTED:

**/s/ James W. Eason**

_____
JAMES W. EASON, MO57112
The Eason Law Firm, LLC
124 Gay Ave., Suite 200
Clayton, Missouri 63105
Phone: (314) 932-1066
Fax:     (314) 667-3161
Email: james.w.eason@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned verifies that a copy of the foregoing document was served via the Court's electronic filing system:

<u>/s/ James W. Eason</u>