UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIAN GARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-200-CEJ |
| ) | |
| DENNIS J. BARTON, III, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for attorney's fees for bringing a motion for sanctions. The issues are fully briefed.

### I. Background

Defendant Dennis J. Barton, III, an attorney representing himself in this action, was deposed by plaintiff's then-counsel, James W. Eason, on December 30, 2015, at Eason's law office. A court reporter, William L. DeVries, was present. Also in attendance was Terrance J. Good, an attorney whom Barton retained for the limited purpose of representing him at the deposition. Plaintiff did not attend the deposition, and it is undisputed she was not involved in the events that transpired.

A break in the deposition was taken, at which point Barton received word that he would soon need to leave to attend to an urgent personal matter. The deposition briefly resumed. At the appointed time Barton announced his intention to leave. Eason then suspended the deposition, subject to rescheduling.

Barton, DeVries, and Good filed affidavits attesting to what happened after the deposition was suspended. According to the affidavits, Eason walked toward Barton from the opposite side of the room and twice said some variation of: "Get

the fuck out of my office." Barton turned away from Eason and exited the room, at which point Eason "pushed" Barton in the back with both hands, causing Barton to fall onto a table. Good asked Eason's receptionist to call the police. Rather than waiting for the police, Barton reiterated that he needed to leave and he left Eason's office. Barton later reported the incident to the police. Barton also sought and obtained a temporary order of protection against Eason, but the case was later dismissed.

On January 5, 2016, Barton filed a motion for sanctions. That same day Eason moved to withdraw as counsel for plaintiff. The Court held a hearing on the matter on January 7, 2016; Barton and Eason appeared in person, and Good was present by telephone. Eason invoked his Fifth Amendment right not to speak about the alleged criminal conduct. During the hearing, the Court granted Eason's motion to withdraw as counsel. Additionally, the Court refused to entertain Barton's request to impose sanctions against the plaintiff, because plaintiff was not complicit in any misconduct by her attorney and the actions alleged were clearly outside the scope of Eason's role as plaintiff's attorney-agent. Finally, the Court granted Barton leave to file the instant motion for attorney's fees.

### II. Legal Standard

"Federal courts possess certain inherent powers, including the power to punish for contempts, which reaches both conduct before the court and that beyond the court's confines." *Isaacson v. Manty*, 721 F.3d 533, 538–39 (8th Cir. 2013) (quotation marks and citation omitted). "A court's inherent power includes the discretionary 'ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th

2

Cir. 2004) (quotation marks and citation omitted). A district court is "give[n] substantial deference" to decide "whether sanctions are warranted because of its familiarity with the case and counsel involved." *Willhite v. Collins*, 459 F.3d 866, 869 (8th Cir. 2006) (citation omitted).

"Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000) (citation omitted). A court may require a contemnor to bear a movant's attorney's fees and costs incurred to bring a motion for contempt. *See Jake's, Ltd., Inc. v. City of Coates*, 356 F.3d 896, 900 (8th Cir. 2004); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (holding courts have the "inherent power to assess attorney's fees against counsel" where appropriate); E.D. Mo. L.R. 12.02. But "a party proceeding *pro se* cannot have incurred attorney's fees as an expense." *In re Living Hope Sw. Med. Servs., LLC*, 525 B.R. 95, 106 (B.A.P. 8th Cir. 2015) (citation omitted). Finally, a "court in dealing with contempt must exercise the least possible power adequate to the end proposed." *Taylor v. Finch*, 423 F.2d 1277, 1279 (8th Cir. 1970) (quotation marks and citation omitted).

### III. Discussion

Barton makes four demands. First, despite the Court having rejected Barton's effort to dismiss the action and sanction plaintiff at the hearing, Barton renews that request here. The request is again denied. *See id.*

Second, Barton seeks $3,038.00 in "attorney's fees" for 12.4 hours he "billed" himself addressing Eason's purported actions, at $245.00 an hour. That request is denied because Barton is *pro se*; he incurred no attorney's fees for his

3

work on his own behalf. *See In re Living Hope Sw. Med. Servs., LLC*, 525 B.R. at 106.

Third, Barton requests a flat fee of $350.00 for Good's services, the amount Good attests he charged Barton for time spent addressing Eason's purported misconduct. Good does not attest to his hourly rate. He also does not explain what he did at Eason's office after the alleged incident that would be compensable. The time Good expended speaking to the police related to the criminal complaint is not remunerable as attorney's fees here. Barton also does not aver how much time Good spent "consulting with" him about the incident. Further, Barton ably represented himself at the hearing, and Good did not contribute to the proceedings as a fact witness. Finally, Good's affidavit is superfluous of DeVries's affidavit, which Barton contends is "especially compelling" because "DeVries is the only third party witness." The time Good spent preparing his affidavit is therefore also non-compensable. Consequently, the request for $350.00 for Good's fee is denied.

Finally, Barton asks for $724.50 to pay another attorney, John Bedard, for "phone calls relating to Eason's acts" and "review and revisions to" the motion for sanctions. No supporting documentation accompanies the request for Bedard's fees, however, nor is he counsel of record in this case. That request is also denied.

*****

For the reasons discussed above,

**IT IS HEREBY ORDERED** that defendant's motion for attorney's fees [Doc. #71] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2016.

4